Argued and submitted November 9, 1984, affirmed in part, reversed in part, and remanded for reconsideration February 6, 1985

VERMEER et al,
*Respondents,*

*v.*

BUNYARD et al,
*Appellants.*

(A8206-03762; CA A32317)

695 P2d 57

Fred A. Granata, Portland, argued the cause for appellants. With him on the brief was Dressler & Granata, Portland.

Jill Backes, Portland, argued the cause for respondents. With her on the brief were Herbert B. Galton, and Galton, Popick & Scott, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs brought this action in Multnomah County Circuit Court as trustees for the Oregon Laborers-Employers Trust Funds to recover contributions alleged to be due from defendants under two labor agreements. The action was brought under the Labor Management Relations Act of 1947, 29 USC § 141 *et seq,* and the Employee Retirement Income Security Act of 1974, 29 USC § 1001 *et seq.* Jurisdiction is conferred on state courts of competent jurisdiction by 29 USC § 1132(e) and the substantive law to be applied is federal labor law. We review as in an action at law only for sufficiency of the evidence to support the legal conclusions.

The employer is Bunyard and Pettit, a utility contractor. The business was run by Jess W. Bunyard as a sole proprietorship until his death on October 25, 1979. His will was admitted to probate in Clackamas County Circuit Court, and his widow, Delores Bunyard, was appointed personal representative. As personal representative, she was authorized to continue to operate the business.

Jess had signed an agreement with plaintiffs, requiring contributions to the fund on behalf of his employes; that agreement expired on May 31, 1980. Acting in her capacity as personal representative, Delores hired James Bunyard as general manager of the business. James signed a compliance agreement with plaintiffs, extending the business' obligations to the trust, effective June 1, 1980. That agreement was prepared by plaintiffs and incorrectly named Delores Bunyard as owner of the business. James did not consult Delores before signing the agreement, and she was not aware of its contents at the time he signed it.

Plaintiffs conducted an audit of employer's records prepared in April, 1982, to determine employer's compliance with the trust agreements for the period from August 1, 1979, through January 31, 1982. The audit revealed deficiencies in payments, and plaintiffs presented to the personal representative a claim against the estate for $5,983.26, representing payments due between August 1, 1979, and April 30, 1981, liquidated damages and audit fees. The personal representative disallowed the claim because of plaintiffs' failure to file it within 12 months of the first publication of notice to persons interested in the estate, as provided in ORS 115.005(3).

Plaintiffs commenced this action within 30 days, as required by ORS 115.145(1)(b).

 The period for which the claim is made may be divided into three distinct periods: (1) August 1, 1979, through October 24, 1979, before Jess Bunyard's death; (2) October 25, 1979, through May 30, 1980, covered by the agreement which Jess signed; and (3) June 1, 1980, through April 30, 1981, covered by the agreement which James signed. The claim for the first period is properly a claim against the estate; it amounts to approximately $2,200 and was denied by the court. Characterization of the remainder of the claim depends on the resolution of an issue of fact: whether Delores ran the business as its individual owner or as personal representative of the estate. If she ran the business as personal representative, the claim is properly an administrative expense of the estate and within the jurisdiction of the probate court, in this case, the Circuit Court of Clackamas County. ORS 111.085(5). If she ran the business as its individual owner, the claim is against her in her individual capacity, and the Circuit Court of Multnomah County had jurisdiction over the subject matter.

The trial court found that Delores ran the business as its individual owner and not as personal representative and that the court therefore had jurisdiction of the subject matter. It awarded plaintiffs a judgment of approximately $3,700, representing claims for the period subsequent to October 25, 1979, plus costs and attorney fees. Delores appeals, claiming that the decision that she owned the business in her individual capacity is not supported by substantial evidence.[1] Because the court found that she was personally liable, it necessarily found that she was not liable as personal representative; plaintiffs do not cross-appeal that decision. Defendant, as personal representative, was denied attorney fees, which she claimed under the contract and ORS 20.096(1); she also appeals from that decision.

 The only evidence which is claimed to support the

---

[1] Defendant, in her individual capacity, assigns as errors: (1) the court's denying her motion to dismiss under ORCP 54B(2); and (2) its granting plaintiffs a judgment against her. Although the standard of review is different for these rulings, defendant asserts similar reasons in support of each assignment. Because we conclude that the court's decision is not supported by substantial evidence, we need not reach her first assignment.

conclusion that Delores ran the business in her individual capacity is (1) the compliance agreement signed by James, which named Delores as owner; (2) testimony that Delores is the sole beneficiary of her husband's estate; and (3) testimony that Delores never notified plaintiffs that she was running the business as personal representative. This evidence is not sufficient to support the judgment, in the light of the court order appointing Delores as personal representative and authorizing her as personal representative to operate the business.

■ ■ The compliance agreement was prepared by plaintiffs, who incorrectly named Delores as owner. It was signed by James, as agent of the personal representative and without Delores' knowledge. There was no evidence that James was authorized to act as Delores' agent in her individual capacity. The fact that Delores is sole beneficiary of her husband's estate provides no basis for finding her to be the owner of the business when probate of the estate was still pending at the time of trial. Delores' not notifying plaintiffs that she operated the business as personal representative does not support a finding that she was an individual owner, or held herself out as such, in the absence of any duty on her part to notify them. The only notice that she was required to provide was the published notice to interested persons that she had been appointed personal representative.

The order of the probate court admitting Jess' will to probate, naming Delores as personal representative and authorizing her as personal representative to operate the business was in evidence. There was no evidence that the order was ever modified in any way. There also was undisputed evidence that probate was still pending at the time of trial. In view of the evidence, the court erred in finding that Delores operated the business as its owner and in holding her liable in her individual capacity.

■ In her final assignment, defendant, as personal representative, contends that the court erred in denying her, as prevailing party, an award of attorney fees. The trust agreement provides for attorney fees to the prevailing trustees in the event of litigation to enforce the payment of contributions. Defendant claims that ORS 20.096(1) gives her the reciprocal right to recover fees. Her reliance on the statute is misplaced,

because this action is brought under federal law. 29 USC § 1144(a) provides:

"Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USC § 1003(a)] and not exempt under section 4(b) [29 USC § 1003(b)]. This section shall take effect on January 1, 1975."

29 USC § 1132(g)(1) provides:

"In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

Pursuant to 29 USC § 1144(a), ORS 20.096(1) is superseded by 29 USC § 1132(g)(1), insofar as it relates to actions to enforce contributions to employee benefit plans. *Paddack v. Dave Christensen, Inc.,* 3 EBC 2548 (D Ore 1982). Under 29 USC § 1132(g)(1), the court has discretion to award a reasonable attorney fee to either party. Federal courts consider five principal factors, among others, in exercising this discretion:

"* * * (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. * * *" *Hummell v. S.E. Rykoff & Co.,* 634 F2d 446, 453 (9th Cir 1980).

A reviewing court can reverse a denial of attorney fees under 29 USC § 1132(g)(1) only if it determines that the trial court abused its discretion.

"An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors. * * *" *Hummell v. S.E. Rykoff & Co., supra,* 634 F2d at 452.

■■■ The court's decision to deny the personal representative attorney fees occurred in the following exchange:

"MR. GRANATA: So then insofar as the Delores Bunyard as personal representative is concerned, is the Court ruling that this is dismissed as to that capacity?

"THE COURT: Yes.

"MR. GRANATA: Then is there going to be an award of attorney fees for Delores Bunyard as personal representative under the same theory as the Court has awarded attorney's fees to —

"THE COURT: No.

"MR. GRANATA: — the other side?

"THE COURT: No. That would be circuitous. It would make absolutely no sense. No."

From this record, we cannot conclude that the court considered the relevant factors in denying the personal representative attorney fees. We remand the case to the circuit court for reconsideration in the light of this opinion on the attorney fee issue only.

Judgment against Delores Bunyard is reversed; the case is remanded for reconsideration of the personal representative's request for attorney fees; judgment affirmed in all other respects.