Argued and submitted July 1, 1985, judgment modified to eliminate award of attorney fees February 26, reconsideration denied April 11, petition for review denied June 17, 1986 (301 Or 240)

## PADDACK et al,
*Appellants,*

*v.*

## FURTICK et al,
*Respondents.*

(A8302-01113; CA A33316)

714 P2d 1068

David S. Paull, Portland, argued the cause for appellants. On the briefs were Thomas J. Barnett and Aitchison, Imperati, Paull, Barnett & Sherwood, P.C., Portland.

Ernest Lundeen, Eugene, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs, trustees of various labor-management trust funds, brought this action under section 301(a) of the Labor Management Relations Act (LMRA), 29 USC § 185(a) to recover allegedly unpaid employe benefit contributions, as well as liquidated damages, interest and attorney fees. Judgment was entered for defendants, and the sole issue on appeal is whether the trial court erred in awarding them $37,665.75 for attorney fees.

Defendants contended below that they were entitled to recover attorney fees under ORS 20.096(1),[1] Oregon's reciprocal attorney fees statute.[2] On appeal, however, they assert that ORS 20.096(1) is inapplicable. Nevertheless, they contend that this case is really one under the Employees Retirement Insurance Security Act (ERISA), 29 USC § 1132(g) (1974), *as amended* (1980),[3] and that they are entitled

---

[1] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

[2] Plaintiffs claimed that defendant Furtick-Urell Construction Co., a partnership, was bound by the terms of a collective bargaining agreement entered into between defendant Furtick Construction Co. and the Oregon Council of Carpenters and Southwest Washington District Council of Carpenters (the union). Under the agreement, the union was entitled to recover reasonable attorney fees in a successful action to recover unpaid employe benefit contributions.

[3] This action was originally filed in November, 1979. Section 502(g), as it then existed, provided:

"In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

Section 502(g) currently provides:

"(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

"(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is

to attorney fees under former section 502(g) of ERISA, or, in the alternative, under the rule recognized in the federal courts authorizing attorney feesfor defense of an action commenced in bad faith. We agree that ORS 20.096(1) is inapplicable but disagree with defendants' contention that there are alternative grounds on which to base an award of attorney fees. Accordingly, we reverse the judgment for attorney fees.

Section 301(a) provides:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The statute has been interpreted as authorizing "federal courts to fashion a body of federal law for the enforcement of * * * collective bargaining agreements." *Textile Workers v. Lincoln Mills,* 353 US 448, 451, 77 S Ct 912, 1 L Ed 2d 972 (1957). Although state courts have concurrent jurisdiction to hear section 301 actions, they must defer to the federal courts' interpretation of the law.[4] In *Waggoner v. Northwest Excavat-*

---

awarded, the court shall award the plan—

"(A) the unpaid contributions,

"(B) interest on the unpaid contributions,

"(C) an amount equal to the greater of

"(i) interest on the unpaid contributions, or

"(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

"(D) reasonable attorney's fees and costs of the action to be paid by the defendant, and

"(E) such other legal or equitable relief as the court deems appropriate.

"For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."

Because attorney fees would be authorized under either version of the statute if the court had jurisdiction to hear the action, it is unnecessary to determine which of the two versions is applicable.

[4] The United States Supreme Court, in *Textile Workers Union v. Lincoln Mills,*

*ing, Inc.,* 642 F2d 333 (9th Cir 1981), *vacated and rem'd on other grounds* 455 US 931, 102 S Ct 1417, 71 L Ed 2d 640 (1982), *reaff'd* 685 F2d 1224, *cert den* 459 US 1109 (1983), the court refused to apply California's reciprocal attorney fee statute (*former* Cal Civ Code § 1717),[5] because to do so would defeat "the policy of uniformity which [§ 301] embodies." Therefore, ORS 20.096(1) does not provide a basis for the trial court's award of attorney fees. *See also Burke v. French Equipment Rental, Inc.,* 687 F2d 307, 312 (9th Cir 1982).

■   Defendants' reliance on ERISA as an alternative basis for attorney fees is misplaced. Although it is true that a court has discretion to award reasonable attorney fees to either party in an action properly brought under section 502 of ERISA, 29 USC § 1132, state courts do not have jurisdiction under section 502 to hear actions by trustees to recover unpaid employe benefit contributions. Section 502(e)(1) provides for exclusive federal jurisdiction over all actions brought under ERISA, except for those brought pursuant to 502(a)(1)(B) by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." This action, however, had it been brought under ERISA, would be one arising under section 502(a)(3), which authorizes actions by fiduciaries to enforce the terms of trust agreements, under which federal jurisdiction is exclusive.[6] *See Livolsi v. Ram Const. Co., Inc.,* 728 F2d

---

*supra,* said:

"'* * * Federal interpretation of the federal law will govern, not state law. * * * But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy. * * * Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights." 353 US at 457. (*Citations omitted.*)

[5] Cal Civ Code § 1717 (1901), *as amended* (1981), provided:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

[6] 29 USC 1132 provides, in pertinent part:

"(a)  A civil action may be brought—

   "(1)  by a participant or beneficiary—

      "(A)  for the relief provided for in subsection (c) of this section, or

      "(B)  to recover benefits due to him under the terms of his plan, to

600 (3d Cir 1984). However, this action was not brought under ERISA. Consequently, ERISA does not provide a basis for attorney fees in this action.

Defendants point out that in *Vermeer v. Bunyard,* 72 Or App 79, 695 P2d 57 (1985), an action brought by the trustees of a labor-management trust against an employer to recover contributions, purportedly pursuant to 29 USC § 1132(e), we remanded the case to permit the trial court to reconsider the defendant's request for attorney fees under 29 USC § 1132(g). Apparently, the question of state court jurisdiction was not raised, and we did not consider it. There is no question that, if the state court had jurisdiction, it had the discretion to award attorney fees under 29 USC § 1132(g). Plaintiffs here point out correctly that the state court would not have had jurisdiction to entertain the action here if it had been brought under 29 USC § 1132(e).

■ Finally, defendants contend that they are entitled to attorney fees because of plaintiffs' alleged bad faith in bringing this action. Even assuming that that rule would be applicable in the state courts, in order to prevail on this theory defendants must prove that plaintiff acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Newman v. Piggie Park Enterprises,* 390 US 400, 402 n 4, 88 S Ct 964, 19 L Ed 2d 1263 (1968); *see also Christiansburg Garment Co. v. EEOC,* 434 US 412, 98 S Ct 694, 54 L Ed 2d 648 (1978). Bad faith is not implied merely because a plaintiff does not prevail; subjective bad faith must be shown. Here, no evidence was presented that plaintiffs acted in subjective bad faith.

---

enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

"* * * * *

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

"* * * * *

"(e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

Judgment modified to eliminate award of attorney fees.