Argued and submitted December 17, 1986, affirmed as modified May 27, 1987

# NORTHWEST ADMINISTRATORS, INC.,
*Appellant,*

*v.*

# ALBINA FUEL CO., INC.,
*Respondent.*

(A8511-07162; CA A39202)

737 P2d 624

Jill Backes, Portland, argued the cause for appellant. On the brief were Herbert B. Galton and Galton, Popick & Scott, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff, administrator of union employe benefit trust funds, brought this action to recover allegedly delinquent contributions from defendant. The complaint alleged that defendant had violated the Employee Retirement Income Security Act (ERISA), 29 USC § 1001 *et seq* and section 301 of the Labor Management Relations Act (LMRA), 29 USC § 185. It also alleged that plaintiff was entitled to attorney fees. Defendant filed an answer that contained a prayer for its attorney fees without citing any specific statutory basis for the claim. *See* ORCP 68C(2).

The parties agreed to dismiss the case, and the trial court entered judgment for defendant, the form of which had not been agreed upon. Plaintiff submitted a judgment form that did not include an award of fees to either party; defendant submitted a form, which the trial court signed, that included an award of fees to defendant. Plaintiff appeals from the part of the judgment awarding attorney fees. We modify the judgment to delete the attorney fees.

This action was brought pursuant to LMRA and ERISA. State courts have concurrent jurisdiction with federal courts to adjudicate section 301 claims under LMRA. *Northwest Admin. v. Wildish Sand,* 275 Or 659, 666, 552 P2d 547 (1976). They do not have jurisdiction to adjudicate ERISA claims that are brought by trustees of a benefit fund. 29 USC 1132(e)(1); *Paddack v. Furtick,* 78 Or App 49, 53, 714 P2d 1068, *rev den* 301 Or 240 (1986). Accordingly, the only possible statutory basis for a state court to award attorney fees in a case such as this is LMRA. That statutory scheme, however, does not authorize the granting of attorney fees for violations of section 301. *Varnes v. Local 91, Glass Bottle Blowers, Etc.,* 674 F2d 1365, 1369 (11th Cir 1982). Although a court may grant attorney fees under its equity power if a party violates section 301 in bad faith, wantonly or for oppressive reasons, *Varnes v. Local 91, Glass Bottle Blowers, Etc., supra,* 674 F2d at 1369, defendant did not allege such conduct on the part of plaintiff.

Judgment modified to delete award of attorney fees; affirmed as modified.