On appellant's petition for attorney fees filed November 15 and respondents' petition for attorney fees filed November 17, 1988, appellant's petition for attorney fees denied and respondents' petition for attorney fees allowed April 12, 1989

PADDACK et al,
*Respondents,*

*v.*

L. W. HEMBREE COMPANY,
*Defendant,*

*and*

HEMBREE,
*Appellant.*

PADDACK et al,
*Respondents,*

*v.*

HEMCO ENTERPRISES, CO.,
*Defendant,*

*and*

HEMBREE,
*Appellant.*

(A8602-00947, A8602-00948; CA A45666)

771 P2d 656

James F. Dalton, Portland, and Rappleyea, Beck, Helterline, Spencer & Roskie, Portland, for appellant.

Norman D. Malbin, Portland, for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

These cases are before us on petitions for attorney fees. The appeal involves two consolidated actions brought under § 301 of the Labor Management Relations Act. 29 USC § 185. Plaintiffs, the trustees of several employe benefit trusts, sought accountings for contributions that defendants allegedly owed the trusts. Defendants in one case are L. W. Hembree Company, an Oregon corporation, and L. W. Hembree, individually (Hembree); in the other, they are Hemco Enterprises, Co., an Oregon corporation, and Hembree. Hembree was the sole owner of both corporations. The trial court found that each corporation owed unpaid contributions, audit fees, and liquidated damages and held that Hembree was personally liable for those obligations. It entered judgment in the first case against L. W. Hembree Company and against Hembree; in the second case, it entered judgment only against Hembree.[1] Only Hembree appealed. We affirmed the judgment against Hembree in the first case and reversed it in the other. We designated Hembree as the prevailing party and awarded costs to him, because he obtained a substantial modification of the trial court judgment. *Paddack v. L. W. Hembree Company,* 93 Or App 593, 763 P2d 411 (1988); *see* ORS 20.015.

Hembree petitions for attorney fees under ORS 20.096, the reciprocal attorney fees statute, on the basis that he prevailed in one of the two cases. He reasons:

> "[The trustees] received [their] attorneys' fees based on the contractual provision at trial. [Hembree] raised his affirmative right for attorneys' fees by way of counterclaim. [The trustees] attempted to hold [Hembree] to a contract containing an attorneys' fee clause and the Court of Appeals found that [he] was not bound to that contract. Under ORS 20.096, [Hembree] is entitled to his attorneys' fees."

The trustees also request fees. They argue that the trust agreements allow fees only to the trustees when they pursue delinquent contributions successfully, that they prevailed in establishing Hembree's delinquency in one of the two cases, and that, under federal law, ORS 20.096 does not apply. We

---

[1] The parties dismissed the case as to Hemco Enterprises without prejudice, because that corporation was involved in a bankruptcy.

agree with the trustees on the authority of *Paddack v. Furtick,* 78 Or App 49, 52-53, 714 P2d 1068, *rev den* 301 Or 240 (1986).

■ The hourly rates of and the time expended by the trustees' counsel are reasonable. The petition does not establish how much of counsel's time was devoted to the action in which they prevailed, and our review of the record and briefs shows that it would be difficult to apportion their efforts precisely. For that reason, we award the trustees a fee of $3,276, which is one-half of what they request.

Appellant's petition for attorney fees denied; respondents' petition for attorney fees allowed in the amount of $3,276.