Argued and submitted July 23, affirmed on appeal and on cross-appeal
December 26, 1990

## Jack R. HANSON
### and Karen Hanson,
*Respondents - Cross-Appellants,*

*v.*

## SIGNER MOTORS, INC.,
*Defendant - Cross-Respondent,*

*and*

## COACHMAN INDUSTRIES, INC.,
*Appellant - Cross-Respondent.*

### (88-0067; CA A62068)

803 P2d 1207

Paul R. J. Connolly, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Churchill, Leonard, Brown & Donaldson, Salem.

Thomas W. Brown, Portland, argued the cause for defendant - cross-respondent. With him on the brief was Cosgrave, Vergeer & Kester, Portland.

Gary E. Norman, Albany, argued the cause for respondents - cross-appellants. With him on the brief was Scott & Norman, Albany.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiffs brought this action to recover the purchase price of a camper-trailer manufactured by Coachman Industries, Inc. (Coachman), and sold to them by Signer Motors, Inc. (Signer). The trial court found in favor of defendants but denied Coachman's application for attorney fees. Coachman appeals that denial. Plaintiffs cross-appeal, contending that the trial court should have allowed recovery against defendants.[1] We affirm on the appeal and on the cross-appeal.

Plaintiff[2] selected and purchased a new camper trailer from Signer in February, 1987. The sale price was $13,620. As part of the transaction, plaintiff received a limited one-year warranty from Coachman, which promised to "make repairs which are necessary because of defects in material or workmanship" and to "repair or replace any defective part at no cost." Implied warranties, including warranties of merchantability and fitness for a particular purpose, were limited to one year. Plaintiff also received and signed two documents by which Signer disclaimed all express and implied warranties. Plaintiff declined an opportunity to inspect the trailer but signed a warranty registration form certifying that he had thoroughly inspected the trailer and had found it in proper condition.

Soon after accepting the trailer, plaintiff discovered a number of defects. Signer replaced two propane tanks and gave a credit for the cost of a replacement bedspread. When Karen Hansen returned the faded bedspread, she signed a written agreement that Signer's acts of goodwill would not waive its warranty disclaimers. Sometime later, plaintiff took the trailer to Coachman's factory for repair of other defects. After the factory repairs, he discovered more defects and took the trailer to another repair station authorized by Coachman. That station repaired a number of defects but, when plaintiff returned for the trailer, he found that some had not been repaired and that additional damage had been caused during the repairs. Plaintiff testified that the trailer was in various

---

[1] Signer did not appeal, but was named as an adverse party in plaintiff's notice of cross-appeal and responded to the cross-appeal.

[2] Jack Hansen and his wife, Karen, are plaintiffs. Because Jack was the major participant in the transaction, we refer to him as plaintiff.

repair stations for a total of 65 days during the first six months after he purchased it and that he used it for a total of 14 weeks on several business trips and two weekend pleasure trips.

The parties do not dispute the trial court's findings:

> "That the following complaints were not corrected: #2 [two holes in the shower wall], #3 [cracks between the bathroom sink and the countertop], #6 [hole in wall panel], #7 [overspray on outside of trailer] (this was result of Coachman's repairs), #8 [bubbles in the graphic strip], * * *

> "That Item #9 in the complaint [dimples and dents in siding] was caused by [the repair station]; and

> "That the other items were either matters easily correctable or items which plaintiff did not like, but which were simply what came on the trailer * * *."

The trial court also concluded that plaintiff had not met his burden of proving that a problem with the braking system was a manufacturing defect.[3] Plaintiff does not challenge that conclusion.

Plaintiff first argues that the trial court should have allowed him to recover against Signer for breach of express warranty.[4] He contends that Signer's warranty disclaimers are invalid under ORS 72.3160(1), because Signer acted inconsistently with them. He points to the specific acts of replacing the propane tanks, giving credit for the bedspread and providing plaintiff with Coachman's warranty documents. ORS 72.3160(1) protects a buyer from a disclaimer that is inconsistent with an oral or written express warranty.[5] We first consider whether Signer made an express warranty.

Express warranties are created by affirmations of fact or promises that become "part of the basis of the bargain." ORS 72.3130(1). Coachman's warranty documents contained

---

[3] The trial court's exact words were: "The court is not convinced defendant Coachman is responsible for this problem."

[4] Plaintiff's allegations are not clearly stated, but we presume that he is claiming that Signer warranted to repair in accordance with Coachman's warranty.

[5] ORS 72.3160(1) provides, in part:

> "Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but * * * negation or limitation is inoperative to the extent that such construction is unreasonable."

promises made by the manufacturer, not by the seller, and plaintiff cannot reasonably argue that, by handing those documents to him, Signer created an express warranty.[6] Neither did Signer create an express warranty when it replaced the propane tanks and gave credit for the bedspread. Those acts occurred after the parties had concluded the sale and could not have been affirmations of fact or promises that were part of the basis of their bargain.[7] Because Signer never made an express warranty, plaintiffs cannot recover on that theory.

■ ■ Plaintiff next argues that he was entitled to revoke his acceptance under ORS 72.6080. As a matter of law, plaintiff cannot recover from either defendant on that theory. *Clark v. Ford Motor Co.*, 46 Or App 521, 612 P2d 316 (1980).[8] Plaintiff contends that the Magnuson-Moss Warranty Act, 15 USC § 2301 *et seq*, changes that result, because it authorizes the consumer to sue a "supplier."[9] We need not explore that theory, because, even if revocation of acceptance was an available remedy, plaintiff would fail. A buyer may revoke acceptance under ORS 72.6080 only if the goods' nonconformity substantially impairs its value to the buyer and, as we discuss below, plaintiff did not prove substantial impairment.

---

[6] Plaintiff's reliance on *Freeman v. Hubco Leasing, Inc.*, 253 Ga 698, 324 SE2d 462 (1985), and *Ventura v. Ford Motor Corp.*, 180 NJ Super 45, 433 A2d 801 (1981), is misplaced. In *Freeman*, the dealer did not disclaim its obligation under the manufacturer's warranty to repair manufacturer's defects, and the court found the dealer liable on that obligation. 253 Ga at 702. In *Ventura*, the court discussed, but did not decide, the issue of whether the dealer's express written undertaking to promptly perform and fulfill all terms and conditions of the owner service policy was inconsistent with its disclaimers. 180 NJ Super at 58. Rather, the court decided the case under the Magnuson-Moss Warranty Act and found that the dealer's obligation was a written warranty within the meaning of 15 USC § 2301(6)(B) and that, therefore, the dealer could not disclaim or modify any implied warranty. 180 NJ Super at 62. Signer did not make such an express written undertaking to perform the terms and conditions of Coachman's warranty.

[7] We note that, although subsequent conduct can modify a contract, a modification must be in writing and signed by the seller if the contract is for the sale of goods over $500. ORS 72.2010.

[8] The relevant facts in this case are substantially the same as in *Clark*. In that case, we held that a buyer could not revoke acceptance as to a dealer when the dealer had disclaimed all warranties, and the buyer selected and bargained for a particular vehicle. Under those facts, the vehicle conformed to the contract, and revocation of acceptance was not authorized. 46 Or App at 527. We also held that a buyer may revoke acceptance only as to the seller and that the manufacturer in that case was not a "seller" within the meaning of ORS 72.1030(1)(e). 46 Or App at 526-27.

[9] A supplier is "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 USC § 2301(4).

■ ■  Next, plaintiff contends that he should prevail against Signer under the Consumer Warranty Act, ORS 72.8010 to 72.8200.[10] A dealer can be liable under that act only if the manufacturer does not maintain sufficient service and repair facilities in the state. ORS 72.8110(1). Evidence was presented that Coachman maintained several repair facilities in the area. We conclude that the evidence supports the trial court's finding that Coachman maintained adequate service and repair facilities. The trial court did not err in holding that plaintiff could not recover against Signer.

■  The trial court also held that plaintiff could not recover from Coachman under the Consumer Warranty Act, because plaintiff did not prove "substantial impairment in value."[11] Proof of substantial impairment in value involves two steps: a subjective evaluation of the needs and circumstances of the buyer and an objective evaluation of whether the nonconformity in fact substantially impaired the value of the goods to the buyer. *Jorgensen v. Pressnall*, 274 Or 285, 289-90, 545 P2d 1382 (1976). Plaintiff purchased the trailer for recreational purposes and as a substitute for motel accommodations while he was on jobs away from home. After the repairs, the remaining problems were relatively minor, and plaintiff continued using the trailer for recreation and for his original purposes. We conclude that the evidence supports the trial court's finding that the defects did not substantially impair the value of the trailer to plaintiff. Therefore, we affirm the trial court's holding that plaintiff cannot recover against Coachman.[12]

■ ■  As the prevailing party, Coachman argues that it is entitled to recover attorney fees under the combined effect of

---

[10] ORS 72.8010 — ORS 72.8200 is a statutory remedy. In the absence of a specific statutory provision providing for *de novo* review, we do not review *de novo*. *Clark v. Ford Motor Co., supra,* 46 Or App at 526. We review for any evidence to support the trial court's finding.

[11] Both parties argue the case under that standard. We are not asked to decide whether a showing of substantial impairment is necessary for recovery under the act, and we express no opinion on that issue.

[12] Because defendants prevail, we do not reach plaintiff's last assignment of error that the trial court erred in denying his incidental and consequential damages.

15 USC § 2310(d)(2) and ORS 20.096.[13] This argument is creative, but Coachman is mistaken for several reasons. First, ORS 20.096 does not apply unless there is a specific contractual right to attorney fees.[14] A general reference to other legal rights is not sufficiently specific to trigger ORS 20.096. Second, the federal law protects *consumers* and is intended to encourage consumer actions for breach of warranty by awarding attorney fees if the *consumer* prevails. Manufacturers, retailers and suppliers are not consumers and cannot receive attorney fees under the act. *See Nobility Homes, Inc. v. Ballentine,* 386 So 2d 727, 730-31 (Ala 1980); *Jameson Chemical Co., Ltd. v. Love,* 403 NE2d 928, 929 (Ind 1980); *Black v. Don Schmid Motor, Inc.,* 232 Kan 458, 477, 657 P2d 517 (1983). Third, ORS 20.096 cannot be applied to defeat the consumer protection purpose and underlying policies of a federal statute. *See Paddack v. L. W. Hembree Co.,* 96 Or App 150, 771 P2d 656 (1989); *Paddack v. Furtick,* 78 Or App 49, 714 P2d 1068, *rev den* 301 Or 240 (1986). The trial court correctly denied Coachman's request for attorney fees.

Affirmed on appeal and on cross-appeal.

---

[13] The Magnuson-Moss Warranty Act, 15 USC § 2310(d)(2), provides, in part:

"If a consumer finally prevails * * * he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate."

ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

[14] Coachman cites *Webster v. General Motors Accept.,* 267 Or 304, 516 P2d 1275 (1973), for the proposition that, once a statutory right is incorporated into a contract, it is sufficient to support an award of attorney fees under ORS 20.096. In *Webster,* unlike this case, the contract specifically provided for attorney's fees.